IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.  No. 2:19-CR-065-Z

JONATHAN ANDREW DIETRICH (01)

## FACTUAL RESUME

In support of Jonathan Andrew Dietrich's plea of guilty to the offense in Count One of the indictment, Dietrich, the defendant, John Floyd, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the indictment, charging a violation of 18 U.S.C. § 371, that is, Conspiracy to Commit Bank Fraud, the government must prove each of the following elements beyond a reasonable doubt:

Conspiracy to Commit Bank Fraud[1]

*First.*  That the defendant and at least one other person agreed to commit the crime of bank fraud, as charged in the indictment;

*Second.*  That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third.*  That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

---

[1] Fifth Circuit Pattern Jury Instruction 2.15A (5th Cir. 2019 ed.).

Jonathan Andrew Dietrich
Factual Resume—Page 1

Bank Fraud[2]

*First.* That the defendant knowingly executed a scheme or artifice;

*Second.* That the scheme or artifice was executed to obtain money or other property from a financial institution, as alleged in the indictment;

*Third.* That the scheme or artifice was executed by means of false or fraudulent pretenses, representations, or promises; and

*Fourth.* That the false or fraudulent pretenses, representations, or promises were material.

## STIPULATED FACTS

1. Jonathan Andrew Dietrich, defendant, admits and agrees that beginning on or about a date unknown and continuing until on or about April 25, 2019, in the Amarillo Division of the Northern District of Texas, and elsewhere, he did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, or agree with Melissa Lynn Dietrich or others, to knowingly and with intent to defraud, execute or cause the execution of, a scheme and artifice to defraud a financial institution, as defined by 18 U.S.C. § 20, which scheme and artifice would employ material falsehoods, or to knowingly and with intent to defraud, execute, or cause the execution of, a scheme and artifice to obtain money, funds, credit, assets, or other property owned by, or under the custody and control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises relating to a material fact, in violation of Title 18, United State Code, Sections 1344(1) and (2).

---

[2] Fifth Circuit Pattern Jury Instruction 2.58B (5th Cir. 2019 ed.).

**Jonathan Andrew Dietrich**
**Factual Resume—Page 2**

2. Dietrich, Melissa Lynn Dietrich, his wife, or others owned, operated, managed, or controlled American Ag Ventures, Inc. (AAVI). AAVI grew and harvested crops, including wheat, barley, and corn.

3. First State Bank (FSB) was a financial institution whose accounts were insured by the Federal Deposit Insurance Corporation.

4. It was the purpose of the conspiracy for Dietrich or his co-conspirators to unlawfully enrich themselves by, among other things, diverting the proceeds from the sale of AAVI's crops for their personal and business use, instead of remitting the proceeds to FSB.

5. In or around March 2015, FSB and AAVI entered into a loan agreement. The amount of the note was $2,000,000, and the stated purpose of the loan was for a farm revolving line of credit (LOC). AAVI agreed to pay the note on demand, or if no demand was made, AAVI agreed to pay all accrued interest in regular payments beginning on July 3, 2015. Final payment of the entire unpaid outstanding balance of principal and interest was due on February 3, 2016.

6. The LOC was secured by four separate security agreements. The property in which AAVI granted FSB a security interest was "all farm products," including, but not limited to, "all crops, annual or perennial, and all products of the crops." It also included the specific property of 575 acres of organic wheat, 750 acres of organic barley, and 1,800 acres of organic corn.

7. In the agreement, AAVI granted FSB a security interest in all of its farm products and all proceeds and products from the farm products. The agreement also placed

limitations on the use of the collateral. AAVI was required to prepare the collateral for market, and when ready for market, promptly notify FSB and follow any instructions FSB may have regarding holding, shipping, storing, and marketing the collateral. AAVI was prohibited from selling or otherwise transferring the collateral without FSB's prior written permission. In the event of a default, AAVI was prohibited from selling the collateral, even if such sale was in the ordinary course of business.

8. After AAVI grew and harvested crops, Dietrich or his co-conspirators sold some of the crops to multiple dairies without FSB's knowledge and permission. Dietrich or his co-conspirators failed to remit the proceeds of those crops to FSB. They instead used the proceeds for business and personal expenses, in violation of the terms of the loan agreement.

9. Dietrich or his co-conspirators also fed some of the AAVI crops to dairy cattle without FSB's knowledge and permission. When Dietrich or his co-conspirators sold the milk produced by these dairy cattle, they failed to remit the proceeds of the milk to FSB. They instead used the proceeds for business and personal expenses, in violation of the terms of the loan agreement.

10. Dietrich or his co-conspirators placed FSB at risk of financial loss as a result of the above-described conspiracy.

11. All in violation of Title 18, United States Code, Section 371.

12. The defendant agrees that the defendant committed all the essential elements of the offense(s). This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the indictment.

AGREED TO AND STIPULATED on this 28 day of February, 2020.

ERIN NEALY COX
UNITED STATES ATTORNEY

_____  
JONATHAN ANDREW DIETRICH  
Defendant

_____  
SEAN J. TAYLOR  
Assistant United States Attorney  
Texas State Bar Number 24075147  
500 South Taylor Street, Suite 300  
Amarillo, Texas 79101-2446  
Telephone: 806-324-2356  
Facsimile: 806-324-2399  
E-mail: sean.taylor@usdoj.gov

_____  
JOHN T. FLOYD  
Attorney for Defendant