# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Amarillo Division

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 16 2020
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | Case Number: 2:19-CR-65-Z-BR-(1) |
| | U.S. Marshal's No.: 58827-177 |
| JONATHAN ANDREW DIETRICH | Sean Jeffrey Taylor, Assistant U.S. Attorney |
| | John T Floyd, Attorney for the Defendant |

On June 10, 2020 the defendant, JONATHAN ANDREW DIETRICH, entered a plea of guilty as to Count One of the Indictment filed on April 25, 2019. Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | CONSPIRACY TO COMMIT BANK FRAUD | 04/25/2019 | One |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 as to Count One of the Indictment filed on April 25, 2019.

Upon Motion of the government, all remaining Courts are dismissed, as to this defendant only.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed October 15, 2020.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

Signed October 16, 2020.

## IMPRISONMENT

The defendant, JONATHAN ANDREW DIETRICH, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of **Forty Six (46) months as to Count One** of the Indictment filed on April 25, 2019.

The Court makes the following recommendations to the Bureau of Prisons:

1. that the Defendant be allowed to participate in any and all educational and vocational training, if possible, agricultural science and animal husbandry training, if eligible, if consistent with security classification; and

2. that the Defendant be assigned to a facility nearest Amarillo, Texas, if possible, FIC- El Reno, if eligible, if consistent with security classification.

The Defendant shall surrender for Service of Sentence at the institution designated by the Bureau of Prisons, before **2:00 p.m. (CDT) on Monday, November 30, 2020**, as notified by the United States Marshal or as notified by the pretrial office, at his own expense.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **Two (2) years** as to Count One of the Indictment filed on April 25, 2019.

While on supervised release, in compliance with the Standard Conditions of supervision adopted by the United States Sentencing Commission at Section 5D1.3(c), the defendant shall:

1. The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

3. The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant shall answer truthfully the questions asked by the probation officer.

5. The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

7. The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

Also, as set forth in the Notice of Intent to Impose Conditions of Supervised Release signed and dated October 15, 2020, the Defendant shall comply with the below-listed other conditions of supervised release, which are derived from Sections 5D1.3(a), (b), (d), and (e), in relevant part:

1. The defendant shall not be employed by, affiliated with, own or control, or otherwise participate, directly or indirectly, in the business of farming or dairy operations without the probation officer's approval.

2. The defendant shall not enter into any self-employment while under supervision without prior approval of the probation officer.

3. The defendant shall provide to the probation officer complete access to all business and personal financial information.

4. The defendant shall maintain not more than one business and/or one personal checking account, and shall not open, maintain, be a signatory on, or otherwise use any other financial institution account without the prior approval of the probation officer.

5. The defendant shall pay any remaining balance of the fine in the amount of $10,000, as set out in this Judgment.

6. The mandatory drug testing condition is suspended, based on the Court's determination that the defendant poses a low risk of future substance abuse.

## FINE/RESTITUTION

The Defendant is ordered to pay a fine of **$10,000** through the Office of the U.S. District Clerk, 205 East Fifth Avenue, Room 123, Amarillo, TX 79101-1559. The Court has determined that the Defendant does not have the ability to pay interest; therefore, the interest requirement is waived pursuant to 18 U.S.C. § 3612(f)(3). If, upon commencement of the term of supervised release, any part of the fine ordered by this judgment remains unpaid, the Defendant shall make payments on such unpaid balance at the rate of at least $50 per month. The first such payment shall be made no later than 60 days after the Defendant's release from confinement and another payment shall be made on the same day of each month thereafter until the fine is paid in full.

Restitution is applicable in this case. However, restitution in the amount of $1,413,011.17 has been paid by the unindicted co-conspirator. Therefore, the restitution amount in this case is zero dollars.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

BY _____
Deputy Marshal